## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEST PLAINS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )　Case No. 1:13-cv-01053-LPS |
| | ) |
| WELLS TRADING CORP. f/k/a WEST | ) |
| PLAINS CO. and BRYCE WELLS, | ) |
| | ) |
| Defendants. | ) |

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT WELLS TRADING CORP.

Defendant Wells Trading Corp. f/k/a West Plains Co. (hereinafter "WPC" or "Defendant"), by and through its counsel of record, hereby states and alleges the following in support of its Answer to the Complaint:

1.　　WPC admits that it entered into a Purchase and Sale Agreement (hereinafter the "WTC Agreement") with Plaintiff as alleged in Paragraph 1 of the Complaint. Defendant admits that the terms of the WTC Agreement, schedules and related documents speak for themselves and denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.　　WPC admits that Bryce Wells ("Wells") was the principal shareholder of WPC and served as Chief Executive Officer of WPC. WPC admits that Wells and his wife owned certain real property leased by WPC. WPC admits that Wells entered into a Purchase and Sale Agreement (hereinafter the "Wells Agreement") with Plaintiff. WPC admits that the terms of the Wells Agreement, schedules and related documents speak for themselves and denies the remaining allegations set forth in Paragraph 2 of the Complaint.

3.　　To the extent that Paragraph 3 of the Complaint alleges facts against WPC which require an answer, Defendant denies the allegations of Paragraph 3 of the Complaint.

1

4.     To the extent that Paragraph 4 of the Complaint alleges facts against WPC which require an answer, Defendant denies the allegations of Paragraph 4 of the Complaint.

## THE PARTIES

5.     WPC can neither confirm nor deny the allegations of Paragraph 5 of the Complaint and therefore denies same.

6.     WPC denies the allegations of Paragraph 6 of the Complaint.

7.     WPC admits that it is a corporation organized under the laws of the State of Nebraska and admits that prior to March 1, 2012, WPC maintained its principal place of business in Kansas City.  WPC admits that Wells owned a majority interest in and acted as an authorized agent and representative for WPC during the time period relevant to the allegations of the Complaint.  WPC admits that it changed its name to "Wells Trading Corp".  WPC denies the remaining allegations of Paragraph 7 of the Complaint.

8.     Paragraph 8 of the Complaint does not require an Answer.

## JURISDICTION AND VENUE

9.     WPC can neither confirm nor deny the allegations of Paragraph 9 of the Complaint and therefore denies same.

10.    WPC admits that the terms of the Wells Agreement and WTC Agreement speak for themselves.  WPC denies the remaining allegations of Paragraph 10 of the Complaint.

11.    WPC admits that the terms of the Wells Agreement and WTC Agreement speak for themselves.  WPC denies the remaining allegations of Paragraph 11 of the Complaint.

2

## FACTUAL ALLEGATIONS

**I.    The Formation of the Agreements**

    **A.    Background**

12.    WPC can neither confirm nor deny the allegations of Paragraph 12 of the Complaint and therefore denies same.

13.    WPC admits that it formerly operated under the name of "West Plains Co." and was engaged in the grain merchandising and warehousing business, among other endeavors. WPC denies the remaining allegations of Paragraph 13.

14.    WPC admits that it formerly owned, leased and operated certain assets, including grain elevators and grain inventories. WPC denies the remaining allegations of Paragraph 14.

15.    WPC admits that it entered into the WPC Agreement with Plaintiff; admits that the terms of the WPC Agreement speak for themselves; admits that Wells owned a majority of the shares of WPC at the time the WPC Agreement was entered into; and admits that Wells was serving as CEO at the time of the transaction.   WPC denies the remaining allegations of Paragraph 15 of the Complaint.

    **B.    Financial Information and Data Regarding WTC and Wells**

16.    WPC admits that the terms of the Wells Agreement and WTC Agreement speak for themselves.  WPC denies the remaining allegations of Paragraph 16 of the Complaint.

17.    WPC admits that the terms of the WTC Agreement speaks for itself.  WPC denies the remaining allegations of Paragraph 17 of the Complaint.

18.    WPC admits that the terms of the Wells Agreement and WTC Agreement speak for themselves.  WPC denies the remaining allegations of Paragraph 18 of the Complaint.

PHIL1 2996488v.1

**C.      Assets Purchased from WTC and Wells**

19.      WPC admits that the terms of the Wells Agreement and WTC Agreement speak for themselves. WPC denies the remaining allegations of Paragraph 19 of the Complaint.

20.      WPC admits that the terms of the WTC Agreement speaks for itself. WPC denies the remaining allegations of Paragraph 20 of the Complaint.

21.      WPC admits that the terms of the Wells Agreement and WTC Agreement speak for themselves. WPC denies the remaining allegations of Paragraph 21 of the Complaint.

**D.      Liabilities Assumed by West Plains and Retained by WTC and Wells**

22.      WPC admits that the terms of the Wells Agreement and WTC Agreement speak for themselves. WPC denies the remaining allegations of Paragraph 22 of the Complaint.

23.      WPC admits that the terms of the Wells Agreement and WTC Agreement speak for themselves. WPC denies the remaining allegations of Paragraph 23 of the Complaint.

**E.      Indemnification Obligations**

24.      WPC admits that the terms of the Wells Agreement and WTC Agreement speak for themselves. WPC denies the remaining allegations of Paragraph 24 of the Complaint.

**F.      Executing the Agreements**

25.      WPC admits that the terms of the Wells Agreement and WTC Agreement speak for themselves. WPC further alleges that Plaintiff was provided a full opportunity to conduct, and did conduct, its own due diligence review of the books, records and documents maintained by WPC, as well as its own inspection and assessment of the assets transferred. WPC denies the remaining allegations of Paragraph 25 of the Complaint.

26.      WPC denies the allegations of Paragraph 26 of the Complaint.

4

II.    **WTC's Misrepresentations and Failures to Disclose**

A.    **Leasehold Improvements – Hutchinson, Kansas**

27.    WPC admits that the terms of the WTC Agreement, including all schedules thereto, speak for themselves.  WPC further alleges that Plaintiff was provided a full opportunity to conduct, and did conduct, its own due diligence review of the books, records and documents maintained by WPC, as well as its own inspection and assessment of the assets transferred. WPC denies the remaining allegations of Paragraph 27 0f the Complaint.

28.    WPC denies the allegations of Paragraph 28 of the Complaint.

B.    **Undisclosed Liability for a Railcar Lease Agreement with Caldwell-Baker**

29.    WPC admits that it was a party to the "Railcar Lease" alleged in Paragraph 29 of the Lease and alleges that the terms of the Railcar Lease speak for themselves.  WPC further admits that Nebkota was its wholly-owned subsidiary.  WPC denies the remaining allegations of Paragraph 29 of the Complaint.

30.    WPC admits that it owned Nebkota and that during certain periods of time prior to the sale of assets to Plaintiff, that WPC transported freight on the Nebkota.  WPC denies the remaining allegations of Paragraph 30 of the Complaint.

31.    WPC admits that the Railcar Lease was extended pursuant to the terms of Rider 1, the terms of which speaks for itself.  WPC denies the remaining allegations of Paragraph 31 of the Complaint.

32.    WPC admits that the terms of the Railcar Lease speak for themselves.  WPC denies the remaining allegations of Paragraph 32 of the Complaint.

33.    WPC denies the allegations of Paragraph 33 of the Complaint.

5

34.     WPC admits that the terms of the WTC Agreement speak for themselves.  WPC denies the remaining allegations of Paragraph 34 of the Complaint.

35.     WPC can neither confirm nor deny the allegations of Paragraph 35 of the Complaint and therefore denies same.

36.     WPC admits that the terms of the WTC Agreement speak for themselves.  WPC denies the remaining allegations of Paragraph 36 of the Complaint.

37.     WPC admits that the terms of the WTC Agreement speak for themselves.  WPC denies the remaining allegations of Paragraph 37 of the Complaint.

38.     WPC denies the allegations of Paragraph 38 of the Complaint.

39.     WPC admits that Plaintiff sent a demand letter on or about April 5, 3013.  WPC denies the truth or accuracy of the contents of the demand letter and denies responsibility for any of the amounts claimed therein.  WPC denies the remaining allegations of Paragraph 39 of the Complaint.

C.     **WTC's Oral Railcar Lease Agreement with Interstate**

40.     WPC admits that there was an unwritten agreement between WPC and Interstate Commodities regarding the use and lease of railcars.  WPC denies the remaining allegations of Paragraph 40 of the Complaint.

41.     WPC admits that there was an unwritten agreement between WPC and Interstate Commodities regarding the use and lease of railcars. WPC denies the remaining allegations of Paragraph 41.

42.     WPC denies the allegations of Paragraph 42 of the Complaint.   WPC affirmatively alleges Plaintiff was made expressly aware of both the existence and terms of the arrangement between WPC and Interstate prior to the closing of the transaction, and accepted the

6

benefits of the arrangement after the transaction.   WPC denies the remaining allegations of Paragraph 42.

43.   WPC denies the allegations of Paragraph 43 of the Complaint.

44.   WPC admits that the terms of the WTC Agreement speak for themselves.   WPC denies the remaining allegations of Paragraph 44 of the Complaint.

45.   WPC can neither confirm nor deny the allegations of Paragraph 45 of the Complaint and therefore denies same.

46.   WPC can neither confirm nor deny the allegations of Paragraph 46 of the Complaint and therefore denies same.

47.   WPC can neither confirm nor deny the allegations of Paragraph 47 of the Complaint and therefore denies same.

48.   WPC admits that Plaintiff sent a demand letter on or about April 5, 2013.   WPC denies the truth or accuracy of the contents of the demand letter and denies responsibility for any of the amounts claimed therein.   WPC denies the remaining allegations of Paragraph 48 of the Complaint.

**D.     WTC Misrepresented the Value of its Owned Inventory of Wheat and Yellow Corn**

49.   WPC admits that the terms of the WTC Agreement speak for themselves.   WPC denies the remaining allegations of Paragraph 49 of the Complaint.

50.   WPC denies the allegations of Paragraph 50 of the Complaint and denies any knowledge of any variance between recorded and actual inventories maintained by WPC.

51.   WPC denies the allegations of Paragraph 51 of the Complaint and denies any knowledge of any variance between recorded and actual inventories maintained by WPC.

7

52.    WPC denies the allegations of Paragraph 52 of the Complaint and denies any knowledge of any variance between recorded and actual inventories maintained by WPC.

53.    WPC denies the allegations of Paragraph 53 of the Complaint and denies any knowledge of any variance between recorded and actual inventories maintained by WPC.

54.    WPC denies the allegations of Paragraph 54 of the Complaint and denies any knowledge of any variance between recorded and actual inventories maintained by WPC.

55.    WPC denies the allegations of Paragraph 55 of the Complaint and denies any knowledge of any variance between recorded and actual inventories maintained by WPC.

56.    WPC denies the allegations of Paragraph 56 of the Complaint and denies any knowledge of any variance between recorded and actual inventories maintained by WPC.

57.    WPC denies the allegations of Paragraph 57 of the Complaint and denies any knowledge of any variance between recorded and actual inventories maintained by WPC.

58.    WPC denies the allegations of Paragraph 58 of the Complaint and denies any knowledge of any variance between recorded and actual inventories maintained by WPC.

**E.    Receivable from Glenwood Capital**

59.    WPC admits that the terms of the WTC Agreement speak for themselves. WPC denies the remaining allegations of Paragraph 59 of the Complaint.

60.    WPC admits that it entered into a contract with Glenwood Capital, LLC ("Glenwood") pursuant to the terms of a written agreement which speaks for itself. WPC denies the remaining allegations of Paragraph 60 of the Complaint.

61.    WPC admits that a dispute subsequently arose between WPC and Glenwood regarding Glenwood's withholding of a retainer paid by WPC. Plaintiff was made aware of the

8

existence and nature of the Glenwood dispute prior to the WPC transaction prior to closing. WPC denies the remaining allegations of Paragraph 61 of the Complaint.

62. WPC can neither confirm nor deny the allegations of Paragraph 62 of the Complaint and therefore denies same.

63. WPC admits that the Glenwood dispute is in litigation in Missouri. WPC denies the remaining allegations of Paragraph 63 of the Complaint.

64. WPC admits that the terms of the WTC Agreement speak for themselves. WPC denies the remaining allegations of Paragraph 64 of the Complaint.

**III. WTC and Wells Misrepresented Material Financial Information In A Critical 2010 Market Value Appraisal of WTC's Assets and Operations**

65. To the extent that the allegations of Paragraph 65 require an answer from this defendant, WPC denies same.

66. WPC admits that it obtained a market value appraisal in 2010, as alleged in Paragraph 66 of the Complaint. WPC. WPC further admits that the 2010 Appraisal speaks for itself. WPC denies the remaining allegations of Paragraph 66 of the Complaint.

67. WPC admits that the 2010 Appraisal speaks for itself. WPC denies the remaining allegations of Paragraph 67 of the Complaint.

68. WPC admits that it utilized mark to market accounting for unsold grain and unfilled contracts, pursuant to widely accepted industry practices. WPC denies the remaining allegations of Paragraph 68 of the Complaint.

69. WPC admits that it utilized mark to market accounting for unsold grain and unfilled contracts, pursuant to widely accepted industry practices. WPC denies the remaining allegations of Paragraph 69 of the Complaint.

70. WPC admits that it utilized mark to market accounting for unsold grain and unfilled contracts, pursuant to widely accepted industry practices. WPC admits that the 2010 Appraisal speaks for itself. WPC further alleges that Plaintiff was provided an opportunity to conduct, and did conduct, a due diligence review of WPC books, records and documents prior to closing, and Plaintiff was aware of WPC's practice of utilizing mark to market accounting. WPC denies the remaining allegations of Paragraph 70 of the Complaint.

71. WPC admits that the 2010 Appraisal speaks for itself. WPC denies the remaining allegations of Paragraph 71 of the Complaint.

72. WPC admits that the 2010 Appraisal speaks for itself. WPC admits that it did not request Mr. Vogan to update his 2010 Appraisal. WPC denies the remaining allegations of Paragraph 72 of the Complaint.

73. WPC admits that WPC and Wells negotiated the sale of certain assets to Plaintiff in 2011 and 2012. WPC admits that the terms of the WTC Agreement and the terms of the Wells Agreement speak for themselves. WPC admits that WPC and Wells furnished information concerning WPC's operations, assets and liabilities, and provided access to WPC's books and records, including prior appraisals. WPC denies the remaining allegations of Paragraph 73 of the Complaint.

74. WPC admits that WPC and Wells negotiated the sale of certain assets to Plaintiff in 2011 and 2012. WPC admits that the terms of the WTC Agreement and the terms of the Wells Agreement speak for themselves. WPC admits that WPC and Wells furnished information concerning WPC's operations, assets and liabilities, and provided access to WPC's books and records, including prior appraisals. WPC denies the remaining allegations of Paragraph 74 of the Complaint.

75.     WPC denies the allegations of Paragraph 75 of the Complaint.

76.     WPC can neither confirm nor deny the allegations of Paragraph 76 of the Complaint and therefore denies same.

77.     WPC denies the allegations of Paragraph 77 of the Complaint.

78.     WPC denies the allegations of Paragraph 78 of the Complaint.

## COUNT I
## FRAUDULENT MISREPRESENTATION

79.     Paragraph 79 does not require an answer from this Defendant.

80.     WPC admits that the terms of the WTC Agreement speak for themselves.  WPC denies the remaining allegations of Paragraph 80 of the Complaint.

81.     WPC admits that the terms of the Wells Agreement speak for themselves.  WPC denies the remaining allegations of Paragraph 81 of the Complaint.

82.     WPC denies the allegations of Paragraph 82 of the Complaint.

83.     WPC denies the allegations of Paragraph 83 of the Complaint.

84.     WPC denies the allegations of Paragraph 84 of the Complaint.

85.     WPC denies the allegations of Paragraph 85 of the Complaint.

86.     WPC denies the allegations of Paragraph 86 of the Complaint.

## COUNT II
## NEGLIGENT MISREPRESENTATION

87.     Paragraph 87 does not require an answer from this Defendant.

88.     WPC admits that the terms of the WTC Agreement speak for themselves.  WPC denies the remaining allegations of Paragraph 88 of the Complaint.

89.     WPC admits that the terms of the Wells Agreement speak for themselves.  WPC denies the remaining allegations of Paragraph 89 of the Complaint.

11

90.    WPC denies the allegations of Paragraph 90 of the Complaint.

91.    WPC denies the allegations of Paragraph 91 of the Complaint.

92.    WPC denies the allegations of Paragraph 92 of the Complaint.

93.    WPC denies the allegations of Paragraph 93 of the Complaint.

94.    WPC denies the allegations of Paragraph 94 of the Complaint.

## COUNT III
## DECLARATORY JUDGMENT
### (Indemnification Obligations of WTC and Wells)

95.    Paragraph 95 does not require an answer from this Defendant.

96.    WPC admits that the terms of the WTC Agreement and Wells Agreement speak

for themselves.  WPC denies the remaining allegations of Paragraph 96 of the Complaint.

97.    WPC denies the allegations of Paragraph 97 of the Complaint.

98.    WPC denies the allegations of Paragraph 98 of the Complaint.

99.    WPC denies the allegations of Paragraph 99 of the Complaint.

## COUNT IV
## BREACH OF CONTRACT

100.    Paragraph 100 does not require an answer from this Defendant.

101.    WPC denies the allegations of Paragraph 101 of the Complaint.

102.    WPC denies the allegations of Paragraph 102 of the Complaint.

103.    WPC denies the allegations of Paragraph 103 of the Complaint.

104.    WPC denies the allegations of Paragraph 104 of the Complaint.

105.    WPC denies the allegations of Paragraph 105 of the Complaint.

12

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.　　Plaintiff had full knowledge and disclosure of matters complained of in the Complaint, or the opportunity to obtain all such information, and knowingly chose to close without further investigation or inquiry, and thereby accepted the risk of any loss or damage, and waived any claim that disclosure was incomplete or insufficient.

### SECOND AFFIRMATIVE DEFENSE

2.　　The sole proximate cause of any alleged lack of notice or knowledge complained of by Plaintiff was due to its own fault in failing to conduct reasonable due diligence.

### THIRD AFFIRMATIVE DEFENSE

3.　　The sole proximate cause of any alleged loss or damage claimed by Plaintiff, which is expressly denied by this Defendant, was due to Plaintiff's own negligent failure to conduct a proper due diligence review, sufficient to limit or bar any recovery.

### FOURTH AFFIRMATIVE DEFENSE

4.　　The sole proximate cause of any alleged loss or damage claimed by Plaintiff, which is expressly denied by this Defendant, was caused by third parties.

### FIFTH AFFIRMATIVE DEFENSE

5.　　Plaintiff's failure to reasonably mitigate loss and damage bars any claim for recovery.

### SIXTH AFFIRMATIVE DEFENSE

6.　　The Court lacks proper subject matter jurisdiction over this matter.

### SEVENTH AFFIRMATIVE DEFENSE

7.　　Venue is improper and/or inconvenient in this forum.

13

## DEMAND FOR JURY TRIAL

Defendant Wells Trading Corp. f/k/a West Plains Co. hereby demands a jury trial in Omaha, Nebraska.

WHEREFORE, having fully answered the allegations of the Complaint, Wells Trading Corp. f/k/a West Plains Co. prays for entry of judgment in its favor against West Plains, LLC.

DATED: August 19, 2013
Wilmington, Delaware

By:     /s/ Linda Richenderfer
        Linda Richenderfer (DE Bar ID No. 4138)
        Domenic E. Pacitti (DE Bar ID No. 3989)
        Klehr | Harrison | Harvey | Branzburg LLP
        919 N. Market St., Suite 1000
        Wilmington, DE 19801
        (302) 426-1189 Telephone
        (302) 426-9193 Facsimile
        lrichenderfer@klehr.com
        dpacitti@klehr.com

        -and-

        Michael S. Degan, Esquire
        Mark D. Hill, Esquire
        HUSCH BLACKWELL LLP
        1620 Dodge Street, Suite 2100
        Omaha, NE 68102
        (402) 964-5000 Telephone
        (402) 964-5050 Facsimile
        Mike.degan@huschblackwell.com
        Mark.hill@huschblackwell.com

        ATTORNEYS FOR DEFENDANT WELLS
        TRADING CORP. F/K/A WEST PLAINS CO.

14

PHIL1 2996488v.1