## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WEST PLAINS, LLC, | ) | Case No. 1:13-cv-01053-LPS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS TRADING CORP. f/k/a WEST | ) | |
| PLAINS CO. and BRYCE WELLS, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BRYCE WELLS

Defendant Bryce Wells (hereinafter "Wells" or "Defendant"), by and through its counsel of record, hereby states and alleges the following in support of his Answer to the Complaint:

### "PRELIMINARY STATEMENT"

1.      Wells admits that Plaintiff and Defendant Wells Trading Corp. f/k/a West Plains Co. (hereinafter "WTC"), entered into a Purchase and Sale Agreement (hereinafter the "WTC Agreement") with Plaintiff as alleged in Paragraph 1 of the Complaint.  Defendant admits that the terms of the WTC Agreement, schedules and related documents speak for themselves. Defendant further alleges that in October of 2011, an entity related to Plaintiff, and owned by the same interests who own and control Plaintiff, purchased debt owed by WTC secured by WTC's assets. Plaintiff, through a related subsidiary, thereafter became WTC's largest creditor. Defendant further alleges that as WTC's senior creditor, Plaintiff had regular access to books, records and financial information pertaining to WTC and its operations for several months prior to the closing of the WTC Agreement. Defendant further alleges that the sale of assets contemplated under the WTC Agreement was essentially a foreclosure by Plaintiff on the debt

1

owed by WTC, for which Defendant received no monetary compensation. Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.　　　　Defendant admits that he was a shareholder and Chief Executive Officer of WTC during periods relevant to the allegations of the Complaint. Wells admits that he and his wife owned certain real property leased by WTC. Wells admits that he entered into a Purchase and Sale Agreement (hereinafter the "Wells Agreement") with Plaintiff. Wells admits that the terms of the Wells Agreement, schedules and related documents speak for themselves. Wells admits that Plaintiff and WTC entered into the WTC Agreement as alleged in Paragraph 2 of the Complaint. Defendant admits that the terms of the WTC Agreement, schedules and related documents speak for themselves. Defendant further alleges that in October of 2011, an entity related to Plaintiff, and owned by the same interests who own and control Plaintiff, purchased debt owed by WTC and secured by WTC's assets. Plaintiff, through its related subsidiary, thereafter became WTC's largest creditor. Defendant further alleges that as WTC's senior creditor, Plaintiff had regular access to books, records and financial information pertaining to WTC and its operations for several months prior to the closing of the WTC Agreement. Defendant further alleges that the sale of assets contemplated under the WTC Agreement and Wells Agreement was essentially a foreclosure by Plaintiff on the debt owed by WTC, for which Defendant received no monetary compensation. Defendant denies the remaining allegations set forth in Paragraph 2 of the Complaint.

3.　　　　Defendant denies making any misrepresentations relating to assets purchased by Plaintiff pursuant to the Wells Agreement or WTC Agreement. Defendant admits that the terms of the WTC Agreement and Wells Agreement, including all attached schedules and related documents, speak for themselves. Defendant further alleges that in October of 2011, an entity

2

related to Plaintiff, and owned by the same interests who own and control Plaintiff, purchased debt owed by WTC secured by WTC's assets. Plaintiff, through its related subsidiary, thereafter became WTC's largest creditor. Defendant further alleges that as WTC's senior creditor, Plaintiff had regular access to books, records and financial information pertaining to WTC and its operations for several months prior to the closing of the WTC Agreement. Defendant further alleges that the sale of assets contemplated under the WTC Agreement and Wells Agreement was essentially a foreclosure by Plaintiff on the debt owed by WTC, for which Defendant received no monetary compensation. Defendant denies the remaining allegations set forth in Paragraph 3 of the Complaint.

4. Defendant denies making any misrepresentations relating to assets purchased by Plaintiff pursuant to the Wells Agreement or WTC Agreement. Defendant denies the allegations of Paragraph 4 of the Complaint.

## "THE PARTIES"

5. Defendant can neither confirm nor deny the allegations of Paragraph 5 of the Complaint and therefore denies same.

6. Defendant denies the allegations of Paragraph 6 of the Complaint.

7. Defendant admits that WTC is a corporation organized under the laws of the State of Nebraska and admits that prior to March 1, 2012, WTC maintained its principal place of business in Kansas City, Missouri. Defendant admits that he owned a majority interest in and acted as an authorized agent and representative for WTC during the time period relevant to the allegations of the Complaint. Defendant admits that WTC changed its name to "Wells Trading Corp". Defendant denies the remaining allegations of Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint does not require an Answer.

3

PHIL1 3070671v.1

## "JURISDICTION AND VENUE"

9.  Defendant denies the allegations of Paragraph 9 of the Complaint.

10.  Defendant admits that the terms of the Wells Agreement and WTC Agreement speak for themselves.  Defendant denies the remaining allegations of Paragraph 10 of the Complaint.

11.  Defendant admits that the terms of the Wells Agreement and WTC Agreement speak for themselves. Defendant denies the remaining allegations of Paragraph 11 of the Complaint.  Defendant further denies that this District is a convenient forum for the parties and witnesses, and denies that adjudicating this dispute in this District would be in the interests of justice.

## "FACTUAL ALLEGATIONS"

### "I.    The Formation of Agreements"

#### "A.    Background"

12.  Defendant can neither confirm nor deny the allegations of Paragraph 12 of the Complaint and therefore denies same.

13.  Defendant admits that WTC formerly operated under the name of "West Plains Co." and was engaged in the grain merchandising and warehousing business, among other endeavors.  Defendant denies the remaining allegations of Paragraph 13.

14.  Defendant admits that WTC owned assorted assets and was party to certain contracts used in operating WTC's business as of February 25, 2012.  Defendant denies the remaining allegations of Paragraph 14.

15.  Defendant admits that WTC entered into the WTC Agreement with Plaintiff; admits that the terms of the WTC Agreement speak for themselves; admits that Wells owned a

4

majority of the shares of Defendant at the time the WTC Agreement was entered into; and admits that Wells was serving as CEO at the time of the transaction. Defendant denies the remaining allegations of Paragraph 15 of the Complaint.

**"B.     Financial Information and Data Regarding WTC and Wells"**

16.     Defendant admits that the terms of the Wells Agreement and WTC Agreement speak for themselves. Defendant denies the remaining allegations of Paragraph 16 of the Complaint.

17.     Defendant admits that the terms of the WTC Agreement speaks for itself. Defendant denies the remaining allegations of Paragraph 17 of the Complaint.

18.     Defendant admits that the terms of the Wells Agreement and WTC Agreement speak for themselves. Defendant denies the remaining allegations of Paragraph 18 of the Complaint.

**"C.     Assets Purchased from WTC and Wells"**

19.     Defendant admits that the terms of the Wells Agreement and WTC Agreement speak for themselves. Defendant denies the remaining allegations of Paragraph 19 of the Complaint.

20.     Defendant admits that the terms of the WTC Agreement speaks for itself. Defendant denies the remaining allegations of Paragraph 20 of the Complaint.

21.     Defendant admits that the terms of the Wells Agreement and WTC Agreement speak for themselves. Defendant denies the remaining allegations of Paragraph 21 of the Complaint.

**"D.     Liabilities Assumed By West Plains and Retained by WTC and Wells"**

22.     Defendant admits that the terms of the Wells Agreement and WTC Agreement speak for themselves.   Defendant denies the remaining allegations of Paragraph 22 of the Complaint.

23.     Defendant admits that the terms of the Wells Agreement and WTC Agreement speak for themselves.   Defendant denies the remaining allegations of Paragraph 23 of the Complaint.

**"E.     Indemnification Obligations"**

24.     Defendant admits that the terms of the Wells Agreement and WTC Agreement speak for themselves.   Defendant denies the remaining allegations of Paragraph 24 of the Complaint.

**"F.     Executing The Agreements"**

25.     Defendant admits that the terms of the Wells Agreement and WTC Agreement speak for themselves.   Defendant further alleges that Plaintiff was provided a full opportunity to conduct, and did conduct, its own due diligence review of the books, records and documents maintained by WTC, as well as its own inspection and assessment of the assets transferred. Defendant denies the remaining allegations of Paragraph 25 of the Complaint.

26.     Defendant denies the allegations of Paragraph 26 of the Complaint.

**"II.     WTC's Misrepresentations and Failures to Disclose"**

**"A.     Leasehold Improvements – Hutchinson, Kansas"**

27.     Defendant admits that the terms of the WTC Agreement, including all schedules attached thereto, speak for themselves. Defendant further alleges that Plaintiff was provided a full opportunity to conduct, and did conduct, its own due diligence review of the books, records

6

and documents maintained by WTC, as well as its own inspection and assessment of the assets transferred. Defendant denies the remaining allegations of Paragraph 27 of the Complaint.

28.     Defendant denies the allegations of Paragraph 28 of the Complaint.

**"B.     Undisclosed Liability for a Railcar Lease Agreement with Caldwell-Baker"**

29.     Defendant admits that WTC guaranteed certain obligations of the Railcar Lease alleged in Paragraph 29 of the Complaint, and alleges that the terms of the Railcar Lease speak for themselves. Defendant further admits that Nebkota was a wholly-owned subsidiary of WTC. Defendant denies the remaining allegations of Paragraph 29 of the Complaint.

30.     Defendant admits that WTC previously owned the Nebkota, and that during certain periods of time prior to the sale of WTC assets to Plaintiff, WTC transported freight on the Nebkota. Defendant denies the remaining allegations of Paragraph 30 of the Complaint.

31.     Defendant admits that the Railcar Lease was extended pursuant to the terms of Rider 1, the terms of which speaks for itself. Defendant denies the remaining allegations of Paragraph 31 of the Complaint.

32.     Defendant admits that the terms of the Railcar Lease speak for themselves. Defendant denies the remaining allegations of Paragraph 32 of the Complaint.

33.     Defendant denies the allegations of Paragraph 33 of the Complaint.

34.     Defendant admits that the terms of the WTC Agreement speak for themselves. Defendant denies the remaining allegations of Paragraph 34 of the Complaint.

35.     Defendant can neither confirm nor deny the allegations of Paragraph 35 of the Complaint and therefore denies.

36.     Defendant admits that the terms of the WTC Agreement speak for themselves. Defendant denies the remaining allegations of Paragraph 36 of the Complaint.

7

37.     Defendant admits that the terms of the WTC Agreement speak for themselves. Defendant denies the remaining allegations of Paragraph 37 of the Complaint.

38.     Defendant denies the allegations of Paragraph 38 of the Complaint.

39.     Defendant admits that Plaintiff sent Defendant a letter on or about April 5, 3013. Defendant denies the truth or accuracy of the contents of the letter and denies responsibility for any of the amounts claimed therein.  Defendant denies the remaining allegations of Paragraph 39 of the Complaint.

### "C.     WTC's Oral Railcar Lease Agreement with Interstate"

40.     Defendant admits that in the ordinary course of business, WTC entered into an agreement with Interstate Commodities, whereby Interstate Commodities agreed to provide rail cars to transport commodities for WTC on a month to month basis. The existence of the arrangement between WTC and Interstate Commodities was disclosed to and known by Plaintiff prior to the closing of the WTC Agreement and Wells Agreement. Defendant denies the remaining allegations of Paragraph 40 of the Complaint.

41.     Defendant admits that in the ordinary course of business, WTC entered into an agreement with Interstate Commodities, whereby Interstate Commodities agreed to provide rail cars to transport commodities for WTC on a month to month basis. The existence of the arrangement between WTC and Interstate Commodities was disclosed to and known by Plaintiff prior to the closing of the WTC Agreement and Wells Agreement. Defendant denies the remaining allegations of Paragraph 41 of the Complaint.

42.     Defendant denies the allegations of Paragraph 42 of the Complaint.

43.     Defendant denies the allegations of Paragraph 43 of the Complaint.

8

44.     Defendant admits that the terms of the WTC Agreement speak for themselves. Defendant further alleges that the existence of the arrangement between WTC and Interstate Commodities was disclosed to and known by Plaintiff prior to the closing of the WTC Agreement and Wells Agreement. Defendant denies the remaining allegations of Paragraph 44 of the Complaint.

45.     Defendant can neither confirm nor deny the allegations of Paragraph 45 of the Complaint, and therefore denies same.

46.     Defendant can neither confirm nor deny the allegations of Paragraph 46 of the Complaint, and therefore denies same.

47.     Defendant can neither confirm nor deny the allegations of Paragraph 47 of the Complaint, and therefore denies same.

48.     Defendant admits that Plaintiff sent a demand letter on or about April 5, 2013. Defendant denies the truth or accuracy of the contents of the demand letter and denies responsibility for any of the amounts claimed therein. Defendant denies the remaining allegations of Paragraph 48 of the Complaint.

**"D.     WTC Misrepresented The Value Of Its Owned Inventory Of Wheat And Yellow Corn"**

49.     Defendant admits that pursuant to the terms of the WTC Agreement, Plaintiff purchased certain assets, including certain inventories of grain. Defendant admits that the terms of the WTC Agreement speak for themselves. Defendant further alleges that WTC's grain inventories were regularly measured and WTC's grain records were regularly inspected by federal authorities. Defendant further alleges that WTC's grain inventories and records were audited on several occasions prior to close by Plaintiff's agent. Defendant denies the remaining allegations of Paragraph 49 of the Complaint.

9

50.     Defendant denies the allegations of Paragraph 50 of the Complaint.  Defendant further alleges that WTC's grain inventories were regularly measured and WTC's grain records were regularly inspected by federal authorities.  Defendant further alleges that WTC's grain inventories and records were audited on several occasions prior to close by Plaintiff's agent.

51.     Defendant denies the allegations of Paragraph 51 of the Complaint.  Defendant further alleges that WTC's grain inventories were regularly measured and WTC's grain records were regularly inspected by federal authorities.  Defendant further alleges that WTC's grain inventories and records were audited on several occasions prior to close by Plaintiff's agent.

52.     Defendant denies the allegations of Paragraph 52 of the Complaint.  Defendant further alleges that WTC's grain inventories were regularly measured and WTC's grain records were regularly inspected by federal authorities.  Defendant further alleges that WTC's grain inventories and records were audited on several occasions prior to close by Plaintiff's agent.

53.     Defendant denies the allegations of Paragraph 53 of the Complaint.  Defendant further alleges that WTC's grain inventories were regularly measured and WTC's grain records were regularly inspected by federal authorities.  Defendant further alleges that WTC's grain inventories and records were audited on several occasions prior to close by Plaintiff's agent.

54.     Defendant denies the allegations of Paragraph 54 of the Complaint.  Defendant further alleges that WTC's grain inventories were regularly measured and WTC's grain records were regularly inspected by federal authorities.  Defendant further alleges that WTC's grain inventories and records were audited on several occasions prior to close by Plaintiff's agent.

55.     Defendant denies the allegations of Paragraph 55 of the Complaint.  Defendant further alleges that WTC's grain inventories were regularly measured and WTC's grain records

10

were regularly inspected by federal authorities. Defendant further alleges that WTC's grain inventories and records were audited on several occasions prior to close by Plaintiff's agent.

56.     Defendant denies the allegations of Paragraph 56 of the Complaint. Defendant further alleges that WTC's grain inventories were regularly measured and WTC's grain records were regularly inspected by federal authorities. Defendant further alleges that WTC's grain inventories and records were audited on several occasions prior to close by Plaintiff's agent.

57.     Defendant denies the allegations of Paragraph 57 of the Complaint.

58.     Defendant denies the allegations of Paragraph 58 of the Complaint.

**"E.     Receivable From Glenwood Capital"**

59.     Defendant admits that the terms of the WTC Agreement speak for themselves. Defendant denies the remaining allegations of Paragraph 59 of the Complaint.

60.     Defendant admits that WTC entered into a contract with Glenwood Capital, LLC ("Glenwood") pursuant to the terms of a written agreement which speaks for itself. Defendant denies the remaining allegations of Paragraph 60 of the Complaint.

61.     Defendant admits that in the fall of 2011, representatives of buyer directed WTC to terminate its agreement with Glenwood, and pursuant to buyer's instructions, WTC terminated its agreement with Glenwood. Defendant admits that its books and records reflected an amount due from Glenwood for refund of the retainer. Defendant denies the remaining allegations of Paragraph 61 of the Complaint.

62.     Defendant can neither confirm nor deny the allegations of Paragraph 62 of the Complaint, and therefore denies same. Defendant further alleges that Plaintiff was aware of the dispute with Glenwood prior closing.

11

63.     Defendant admits that the Glenwood dispute is in litigation in separate cases filed in Missouri and Kansas.  Defendant denies the remaining allegations of Paragraph 63 of the Complaint.

64.     Defendant admits that the terms of the WTC Agreement speak for themselves. Defendant denies the remaining allegations of Paragraph 64 of the Complaint.

**"III.    WTC and Wells Misrepresented Financial Information In A Critical 2010 Market Value Appraisal of WTC's Assets and Operations"**

65.     Defendant denies the allegations of Paragraph 65 of the Complaint.

66.     Defendant admits that WTC obtained a market value appraisal in 2010, as alleged in Paragraph 66 of the Complaint.  Defendant further admits that the 2010 Appraisal speaks for itself.  Defendant denies the remaining allegations of Paragraph 66 of the Complaint.

67.     Defendant admits that the 2010 Appraisal speaks for itself.  Defendant denies the remaining allegations of Paragraph 67 of the Complaint.

68.     Defendant admits that WTC utilized mark to market accounting for unsold grain and unfilled contracts, and further admits that Plaintiff was aware of WTC's accounting methods prior to closing.  Defendant denies the remaining allegations of Paragraph 68 of the Complaint.

69.     Defendant admits that WTC utilized mark to market accounting for unsold grain and unfilled contracts, and further admits that Plaintiff was aware of WTC's accounting methods prior to closing.  Defendant denies the remaining allegations of Paragraph 69 of the Complaint.

70.     Defendant admits that WTC utilized mark to market accounting for unsold grain and unfilled contracts, and further admits that Plaintiff was aware of WTC's accounting methods prior to closing.  Defendant admits that the 2010 Appraisal speaks for itself.  Defendant further alleges that Plaintiff was provided an opportunity to conduct, and did conduct, a review of

12

WTC's books, records and documents prior to closing. Defendant denies the remaining allegations of Paragraph 70 of the Complaint.

71.     Defendant admits that the 2010 Appraisal speaks for itself. Defendant denies the remaining allegations of Paragraph 71 of the Complaint.

72.     Defendant admits that the 2010 Appraisal speaks for itself. Defendant admits that he did not request Mr. Vogan to update his 2010 Appraisal. Defendant denies the remaining allegations of Paragraph 72 of the Complaint.

73.     Defendant admits that Defendant and WTC negotiated the sale of certain assets to Plaintiff in 2011 and 2012. Defendant admits that the terms of the WTC Agreement and the terms of the Wells Agreement speak for themselves. Defendant admits that Defendant and WTC furnished information concerning Defendant's operations, assets and liabilities, and gave Plaintiff access to WTC's books and records, including prior appraisals. Defendant denies the remaining allegations of Paragraph 73 of the Complaint.

74.     Defendant admits that Defendant and WTC negotiated the sale of certain assets to Plaintiff in 2011 and 2012. Defendant admits that the terms of the WTC Agreement and the terms of the Wells Agreement speak for themselves. Defendant admits that Defendant and WTC furnished information concerning WTC's operations, assets and liabilities, and gave Plaintiff access to WTC's books and records, including prior appraisals. Defendant denies the remaining allegations of Paragraph 74 of the Complaint.

75.     Defendant denies the allegations of Paragraph 75 of the Complaint.

76.     Defendant can neither confirm nor deny the allegations of Paragraph 76 of the Complaint, and therefore denies same.

77.     Defendant denies the allegations of Paragraph 77 of the Complaint.

78.     Defendant denies the allegations of Paragraph 78 of the Complaint.

## COUNT I
## "FRAUDULENT MISREPRESENTATION"

79.     Paragraph 79 does not require an answer from this Defendant.

80.     Defendant admits that the terms of the WTC Agreement speak for themselves.
Defendant denies the remaining allegations of Paragraph 80 of the Complaint.

81.     Defendant admits that the terms of the Wells Agreement speak for themselves.
Defendant denies the remaining allegations of Paragraph 81 of the Complaint.

82.     Defendant denies the allegations of Paragraph 82 of the Complaint.

83.     Defendant denies the allegations of Paragraph 83 of the Complaint.

84.     Defendant denies the allegations of Paragraph 84 of the Complaint.

85.     Defendant denies the allegations of Paragraph 85 of the Complaint.

86.     Defendant denies the allegations of Paragraph 86 of the Complaint.

## COUNT II
## "NEGLIGENT MISREPRESENTATION"

87.     Paragraph 87 does not require an answer from this Defendant.

88.     Defendant admits that the terms of the WTC Agreement speak for themselves.
Defendant denies the remaining allegations of Paragraph 88 of the Complaint.

89.     Defendant admits that the terms of the Wells Agreement speak for themselves.
Defendant denies the remaining allegations of Paragraph 89 of the Complaint.

90.     Defendant denies the allegations of Paragraph 90 of the Complaint.

91.     Defendant denies the allegations of Paragraph 91 of the Complaint.

92.     Defendant denies the allegations of Paragraph 92 of the Complaint.

93.     Defendant denies the allegations of Paragraph 93 of the Complaint.

94.     Defendant denies the allegations of Paragraph 94 of the Complaint.

PHIL1 3070671v.1

## COUNT III
## "DECLARATORY JUDGMENT"

95.     Paragraph 95 does not require an answer from this Defendant.

96.     Defendant admits that the terms of the WTC Agreement and Wells Agreement speak for themselves.   Defendant denies the remaining allegations of Paragraph 96 of the Complaint.

97.     Defendant denies the allegations of Paragraph 97 of the Complaint.

98.     Defendant denies the allegations of Paragraph 98 of the Complaint.

99.     Defendant denies the allegations of Paragraph 99 of the Complaint.

## COUNT IV
## "BREACH OF CONTRACT"

100.     Paragraph 100 does not require an answer from this Defendant.

101.     Defendant denies the allegations of Paragraph 101 of the Complaint.

102.     Defendant denies the allegations of Paragraph 102 of the Complaint.

103.     Defendant denies the allegations of Paragraph 103 of the Complaint.

104.     Defendant denies the allegations of Paragraph 104 of the Complaint.

105.     Defendant denies the allegations of Paragraph 105 of the Complaint.

## GENERAL DENIAL

106.     Defendant denies that the headings utilized by Plaintiff throughout the Complaint constitute properly plead allegations of fact which necessitate an answer.  To the extent that any such heading constitutes an allegation of fact, or otherwise requires this Defendant to answer, Defendant denies each of the headings, and any allegation of fact set forth therein, in their entirety.

PHIL1 3070671v.1

107.    Defendant generally denies each and every allegation set forth in the Complaint not expressly admitted herein, except to the extent that any such allegation may be construed as an admission against the interest of the Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff had full knowledge and disclosure of matters complained of in the Complaint, or the opportunity to obtain all such information, and knowingly chose to close without further investigation or inquiry, and thereby accepted the risk of any loss or damage, and waived any claim that disclosure was incomplete or insufficient.

### SECOND AFFIRMATIVE DEFENSE

2.    The sole proximate cause of any alleged lack of notice or knowledge complained of by Plaintiff was due to its own fault in failing to conduct reasonable due diligence.

### THIRD AFFIRMATIVE DEFENSE

3.    The sole proximate cause of any alleged loss or damage claimed by Plaintiff, which is expressly denied by this Defendant, was due to Plaintiff's own negligent failure to conduct a proper due diligence review, sufficient to limit or bar any recovery.

### FOURTH AFFIRMATIVE DEFENSE

4.    The sole proximate cause of any alleged loss or damage claimed by Plaintiff, which is expressly denied by this Defendant, was caused by third parties.

### FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiff's failure to reasonably mitigate loss and damage bars any claim for recovery.

16

## SIXTH AFFIRMATIVE DEFENSE

6.      The Court lacks proper subject matter jurisdiction over this matter.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Venue is inconvenient in this forum.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Any claims possessed by Plaintiff are barred in whole or part by the doctrine of first material uncured breach.

## NINTH AFFIRMATIVE DEFENSE

9.      Any claims possessed by Plaintiff are barred in whole or part by the doctrine of unclean hands.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

WHEREFORE, having fully answered the allegations of the Complaint, Bryce Wells prays for entry of judgment in his favor.

DATED:   September 19, 2013
         Wilmington, Delaware

By:     */s/ Linda Richenderfer*
        Linda Richenderfer (DE Bar #4138)
        Domenic E. Pacitti (DE Bar #3989)
        Klehr | Harrison | Harvey | Branzburg LLP
        919 N. Market St., Suite 1000
        Wilmington, Delaware 10801
        302-426-1189 (Telephone)
        302-426-9193 (Facsimile)

        -and-

Michael S. Degan, pro hac pending
Mark D. Hill, pro hac pending
HUSCH BLACKWELL LLP
1620 Dodge Street, Suite 2100
Omaha, NE  68102
(402) 964-5000 Telephone
(402) 964-5050 Facsimile
Mike.degan@huschblackwell.com
Mark.hill@huschblackwell.com

ATTORNEYS FOR DEFENDANT BRYCE WELLS

18